Good morning. May it please the Court. Marcy Tiffany, hearing for Appellant Tatiana Levina. Counsel. We, of course, received the Court's October 15th order asking us about standing. And based on that order, it appears that the Court is under the impression that the only thing at stake here is attorney's fees. That is not the case. What more is in this case other than your request for attorney's fees? That's all they're talking about, is it not? You didn't bring the case. The school district brought the case. Well, the school district brought the case because that's the way due processes work. In a situation in due process, it doesn't really matter who brings the case. There's no provisions in due process for cross-claims or counterclaims. If a school district brings a case saying this IEP provided FAPE and the parent says no, it didn't provide FAPE, the issue is joined. And at that point, the parent has a right to get a remedy if there is a determination that there was a denial of FAPE. That's the way due process works. But the school district withdrew the filing. Yes. And the only issue, I suppose, with respect to the hearing officer determination is whether or not there had been a commencement of the proceeding such that perhaps there might be a remedy of a formal declaration of prevailing party and the award of fees. That is the very issue here. Our position is that under Section 581, the school district could withdraw, but only with prejudice. That is our point. And going back to the threshold issue that you've been asked to respond to, outside of attorneys' fees, which cases hold do not represent an injury in fact, what is there here? For denial of FAPE, the student would be entitled to remedies such as compensatory education, which, in fact, we believe is appropriate here. We, in fact, specifically asked for a behavioral assessment at that hearing as a remedy for us at the time. We also would be entitled to reimbursements, because as a result of the denial of FAPE that occurred, the parent incurred financial costs of providing a FAPE for the child. But there was no determination of denial of FAPE. That is because it wasn't withdrawn with prejudice. Had it been withdrawn with prejudice, and I have a 28-J letter that I've given the Court. We just got it this morning. And I apologize, but it was very late notice to argue this issue. Under California law and under Federal law, a voluntary dismissal with prejudice is a final judgment on the merits. It's considered a complete adjudication on the merits as between the parties. And that would amount to a determination of a denial of FAPE, which would then give us the right to a remedy for that denial of FAPE. Is there any discussion in the hearing officer's order about denial of FAPE? That was the very issue. The issue that was. Show me. I've got it in front of me. It's a two-page order dated June 13th, 2005. Where is there any discussion about a determination with respect to the FAPE? Well, the determination wasn't made because the dismissal, the case was withdrawn without prejudice. The legal effect, had the hearing officer said, she wouldn't even have to talk about it, had the hearing officer said, fine, I'm going to dismiss this with prejudice under California law. And the case is Roybal v. University Ford. This is a determination on the merits. It's a substantive determination as between the parties. Yeah, but you're assuming the issue here. But let's get back to what Judge O'Scanlan asked in the first place. Aren't your client, isn't your client right back where it started from before this hearing ever started? No. In what way is the client not back in that position? Has the FAPE changed? I'm sorry? Has anything changed as far as what the treatment was and the remedies, all the things that were included in IEP? How has that changed? Well, time has passed. Because we did not prevail at that hearing, the school district continued to operate under an IEP that was inappropriate and therefore denied the student of FAPE. But you never asked for a change in the IEP, did you? By joining the issue at the hearing, we took the position that that IEP was a denial of FAPE. And, yes, we asked, one of the remedies we asked is that the hearing office order them to have a new IEP and develop a new IEP that would provide FAPE. Okay. Let's assume for a minute, Ms. Tiffany, that the IEP that you had previously agreed to is in place. Both parties come into the hearing room. They introduce each other. And then the school district says, we've changed our mind. We withdraw. Are you contending that that constitutes a dismissal with prejudice at that point? That's what would be required? Well, we did not agree to this IEP. This was a proposed IEP. But it was the one in place. It was the one in place that had been in place for some time, right? There was a previous IEP. That's the one. The child was due for a new IEP. But that was the one. The previous IEP is the one that was the subject matter of this hearing, right? No. It was the new IEP. So the school district was proposing a new one. But when it went in, there wasn't a new one yet. It was working on an existing IEP. Well, it had proposed a new IEP at an IEP meeting. This was the IEP that they were proposing for the child going forward. Correct. But it was operating on the old IEP when the hearing began, right? Well, the old IEP would have been the stay put. But that IEP, for example, did not provide for the summer program for the child. The new IEP did. Because the new IEP was flawed, the parent could not take advantage of that summer program and therefore had to pay for a summer program herself. I understand. But when everyone walked away from this hearing, the old IEP, however flawed it may have been, was still in place, was it not? Portions of it were. What had changed? The parent had consented to portions of the new IEP. Okay. And so was that then carried out at that point on a voluntary basis? Those portions. But the biggest issue here was placement. The school district wanted to move the child into a special day class. The parent didn't agree to that. Right. So for the summer program that was covered by this new IEP, the only thing the district offered was a special day class. The old IEP didn't cover that, so the parent was stuck without a summer placement. Okay. So the school district then withdraws its request to change the IEP. Your partner said nothing at that point about, well, wait a minute, we also have something that we're contending something as well. You can't just let them dismiss. We have, in effect, a cross request here. Your Honor, again, the way due process works is you don't get cross complaints and counter complaints. I understand that. Technically. So that would not have availed him. And, moreover, his position was this should have been dismissed with prejudice, which means a prevailing on the merits. I understand that. We understand that. We've read the record. We see what the judge said. She said she was tired. She said she had a rough night. Your partner said he wanted to, he said, you're asking me to give the oral argument. I'm on the defense here. I don't need to do that. And she said, I'm not asking for that. I just want to find out what the facts are. Isn't it common for finders of fact to start hearing, sometimes even back in chambers, saying let's come back and talk about it so I can understand the issues? It does happen, Your Honor. Isn't that what was going on here? But will you submit that when she started saying, well, counsel, I understand that's your position, but where's your legal support? How do you support that position? Which she did. She started asking for legal support for cases. At that point, she was asking for argument. And the statute is very clear that once argument begins, and this is argument that even precedes an opening statement, because otherwise it would have no meaning in the statute. This Court, by the way, on Bonk, held very recently that you have to give meaning to every word in the statute. So this statute says argument. This argument can only be argument before an opening statement because it says argument or an opening statement. Obviously, if it's argument after an opening statement, it's moved. It doesn't have any meaning. But at the end of the day, you get back to what Judge O'Scanlan started with, which is the child, whatever this Court does with this case, is not going to immediately affect this child and this child's IEP. Yes, it will, Your Honor. Absolutely. How? We will go back into Federal district court and we will ask for compensatory education. I know what you're going to do. He'll get compensatory education. He'll get additional services and speech and language. But that's not before us. The what would be before the district court at that point. But that's a future proceeding. No, no, no. This is the same case because it would be remanded. I understand. But understand what we're being asked to decide here is an issue of whether or not your law firm gets attorney fees from that school district. Is that right? Your Honor, that is one issue, but not the only issue. What other issue? The issue we're asking you to determine is whether the dismissal was with prejudice. That's the whole issue, though. If it was dismissed with prejudice, you get legal fees. And we get compensatory education. Counsel, we would get compensatory education. We would get the remedy we were seeking, which was a behavioral assessment. We have the right to remedies if there's been a finding of a denial of faith. A dismissal with prejudice equates to a finding of denial of faith. Counsel, I understand your argument that you cannot cross-claim under the regime that the statutes provide for. Why didn't you file your own proceeding? This was a proceeding filed by the district. Yes. Why didn't you file your own? Your Honor, there's various reasons why one files and the other. Sometimes it's a race to the courthouse. They simply file first. They file first. Why should we file? But that doesn't bar you from filing. But why should we file exactly the same case when we know in due process once they file, the issue is joined and we don't need to file? Okay. Thank you, Counsel. Your time has expired. We'll hear from the district. May it please the Court. Peter Sansom on behalf of the San Luis Coastal Unified School District. The threshold question before this Court is Article III standing. Whether plaintiff has it or does not have it. Respectfully, from the district's perspective, plaintiff has not satisfied his burden to demonstrate standing under Article III. We're looking at three elements. Injury in fact, causation, redressability. What is the injury in fact? As the questions from your honors have demonstrated, there is a focus on how was the student harmed? How were the student's rights under the IDEA altered or impaired in any manner? Counsel, what's your response to Ms. Tiffany's point about compensatory education? You're citing Lujan in terms of standing. Let's assume for a moment that we agree with you, arguendo, on that issue. But what about the issue of compensatory education, if that's correct? Doesn't that respond in part to the Lujan standing argument? From the district's perspective, your honor, no. Compensatory education was never cited as a specific remedy in the due process hearing request. In the thorough briefing of this case before this Court, at no point in that briefing did plaintiff raise the issue of compensatory education as something to permit Article III standing or alternatively prudential standing as an aggrieved party within the language of the statute of the IDEA. It is only in this most recent letter to the Court that the idea of compensatory education as a possible remedy has been raised. Taking it even further. You contend that it is waived for not having been raised? It very well could be waived, but beyond that, your honor, does a finding of dismissal with prejudice equate to a determination regarding whether the child is entitled to compensatory education? No. Compensatory education is a remedy for a denial of faith. It requires specific evidence to be presented to the administrative law judge regarding what are the student's needs? How did you fail to address those needs? What remedy am I going to create as the administrative law judge to ensure that this student is made whole? That cannot occur, cannot feasibly occur under any conceivable perspective if all we have is a single page saying this matter is dismissed with prejudice. Let me ask a question about mootness. This all happened in 2005 and now we're in 2007. I'm not aware of what the status of this child is in terms of this process. Are you? There is no pending due process hearing request at this time regarding the student. And in terms of the issue of the student. Is the student still in school? Let me ask the first question. The student is being educated, although not in the district's schools. But presumably the student still has whatever rights the student has under the statutes presumably are still available, is that correct? The parties have reached an understanding regarding the student's education at this point. Was this what we sometimes call a settlement? Yes, Your Honor. Then is there anything to talk about in this case? From the district's perspective, no, Your Honor. Even if you look at the issues that the district raised in the request that it withdrew, it pertained to a single school year. Even if we assume for the sake of argument that dismissal with prejudice should have been granted, the only effect on the legal relationship between the parties would fall solely on the side of the district, preventing the district from requesting a second due process hearing only concerning that single school year. Getting back to Ms. Tiffany's argument, I suppose she's telling us that she anticipated that she could have raised some of these issues if this proceeding had gone farther than it did. But, of course, the district withdrew the filing. Did she have the opportunity at that point to file her own proceeding to raise these issues about the IEP? The plaintiff had that opportunity at all times, and subsequent to the district's withdrawal of this case did exercise that option. Did? Did, correct. Is that in the record here anywhere? It is not, Your Honor. And there's obviously no copy of a settlement agreement in the record either. Is there such a document? Such a document does exist, but it is not in the record. All right. Anything further, counsel? Nothing further. Thank you, Your Honor. Any further questions? Thank you, counsel. The case just argued will be submitted for decision, and we will hear argument in Johnson v. Riverside Healthcare System. Counsel? I'm sorry, I didn't hear you. Counsel? I don't sense that there is an interest in that. Thank you, counsel. Thank you.
judges: O'scannlain, Smith, Mosman